UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
BENIHANA OF TOKYO, LLC, as successor to
BENIHANA OF TOKYO, INC.

        Plaintiff,

vs.

BENIHANA INC. as successor to BENIHANA
NATIONAL CORP., and NOODLE TIME, INC.

        Defendants.
------------------------------------------------------------

JUDGE SULLIVAN

14 CV 0224

COMPLAINT



Plaintiff BENIHANA OF TOKYO, LLC by its attorneys Rosenberg Feldman Smith, LLP, as and for its Complaint, alleges as follows:

1. Plaintiff Benihana of Tokyo, LLC is a New York limited liability company, the successor to Benihana of Tokyo, Inc. ("BOT"), and has its principal place of business at 645 Fifth Avenue, New York, New York 10022.

2. Upon information and belief, Defendant Benihana Inc. ("BI") is a Delaware corporation, with its principal place of business at 8685 NW 53rd Terrace, Miami, Florida 33166, and is the successor to Benihana National Corp.

3. Upon information and belief, at all times relevant, BI was and is doing business in the State and County of New York, and is qualified to do business in the State of New York.

4. Upon information and belief, Defendant Noodle Time, Inc. ("Noodle Time") is a Florida corporation, with its principal place of business at 8685 NW 53rd Terrace Miami, Florida 3316, and is a subsidiary of BI.

## JURISDICTION

5. Jurisdiction over this action is founded upon 28 U.S.C. § 1331 and 1332 because the dispute concerns a federal question under Section 43(a) of the Lanham Act and because the

Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7. BOT was founded by Rocky Aoki in 1963. BOT opened the first Benihana restaurant on West 56th Street in Manhattan in 1964. BOT and Rocky Aoki, not BI, created the Benihana restaurant concept.

8. BOT owns the right to operate Benihana restaurants, and developed and owns the intellectual property interests in the Benihana name, trademark and service mark, including but not limited to BENIHANA (hereinafter the "BENIHANA Trademark"), the flower design, and other intellectual property used in the operation of Benihana restaurants, in all parts of the world except for the United States, Puerto Rico, the countries of South America and Central America, and the islands of the Caribbean Sea.

9. BOT and BI are parties to a contract titled "Amended and Restated Agreement and Plan of Reorganization," which was dated as of December 29, 1994 and amended as of March 17, 1995 (hereinafter referred to as the "ARA"). A copy of the ARA is attached hereto as Exhibit A.

10. The ARA sets forth terms and conditions of a business relationship between BOT and BI, including with regard to the BENIHANA Trademark, the flower design, and other trademarks and service marks.

11. The ARA in Subsection 1.01(d) defines "Territory" as "the United States (including its territories and possessions), Central America, South America and the islands of the Caribbean Sea."

12. The ARA provides in Section 7.10:

> Section 7.10. <u>Trademarks</u>. Each of BOT and Benihana acknowledge that, from and after the Effective Time, Benihana will own the Trademarks in the Territory and BOT will continue to own the Trademarks outside of the Territory. Accordingly, each of BOT and Benihana agree that, without the prior written consent of the other, neither will make any use of the Trademarks which could reasonably be expected to reduce the value or usefulness of the Trademarks to the other party. In addition, each of BOT and Benihana shall be responsible for the proper registration and maintenance of the Trademarks and the prosecution of infringements or potential infringements of the Trademarks in the territories where such party has an interest in the Trademarks. Each of BOT and Benihana agrees to notify the other promptly of any infringement or potential infringement of the Trademarks of which such party becomes aware and to cooperate with the other party in any action taken to prosecute any such infringement. The obligations of this Section shall survive the Closing for an indefinite period.

13. The ARA provides that BOT will own the BENIHANA Trademark, the flower design, and other trademarks and service marks outside of the defined Territory.

14. According to the ARA, BI owns and operates or franchises a number of restaurants limited to the Territory, i.e. which are located inside the United States, in Central America, South America and in the islands of the Caribbean Sea, and which operate under the BENIHANA Trademark and flower design. Upon information and belief, said restaurants are licensed by Noodle Time to use the Benihana Trademark and flower design.

15. According to a 1995 License Agreement between BOT and BI and Noodle Time, BOT is the exclusive licensee in the State of Hawaii of the right to operate Benihana restaurants, and the right to use the Benihana name, trademark and service mark and all other intellectual property, in the State of Hawaii.

16. By letter dated December 13, 2013, a copy of which is annexed hereto as Exhibit B, defendants have asserted that certain statements on BOT's website are false and misleading and violations of Section 43(a) of the Lanham Act. Defendants' assertions are

without merit and the complained of statements are not false and misleading and are entirely truthful. A copy of the statements on BOT's website is annexed hereto as Exhibit C.

17. Defendants' December 13, 2013 letter make four baseless assertions:

(a) First, that BOT claims that "it controls the use of the BENIHANA® Trademarks in Hawaii." But, the complained of statement on the website (and as quoted by defendants in their letter) does not make that claim. The statement on the website is that BOT is "now controlling the territories of Hawaii, Canada, Mexico, Europe, the Middle East, Australia and Asia." It says nothing about trademarks. Also, the statement is truthful because BOT does control the territory of Hawaii as it is the exclusive licensee in the State of Hawaii.

(b) Second, that BOT's claim that it operates franchises "all around the world" misleads the public into believing that it has the right to operate Benihana restaurants in every country in the world. But, BOT's website clearly explains the territories controlled by BI and the countries in which it operates, and the territories controlled by BOT and the countries in which it operates. The website statement that BOT "operates privately with franchisees all around the world" comes *after* its statement that BOT controls the territories of Hawaii, Canada, Mexico, Europe, the Middle East, Australia and Asia, and that BI controls the continental United States, the Caribbean and South America. BOT clearly does not claim the right to operate in every country of the world. Its website clearly explains the countries in which it does *not* operate. Further, BOT's statement that it operates with franchisees "all around the world" is truthful since it owns the Benihana marks, and the right to operate restaurants, in most of the world and these rights circumnavigate the globe, going from Canada to Bermuda and the Bahamas (and across the Atlantic) to the United Kingdom, Europe, Africa and Asia (and across the Pacific) back to Canada. Its rights literally are "all around the world."

-4-

(c) Third, that BOT falsely refers to itself as being the "Global Leader" or "World Leader" in teppanyaki restaurants. But, these references are truthful. BOT's founder, Rocky Aoki, was the "Global Leader" or "World Leader" in teppanyaki restaurants. Further, BOT has the right to operate Benihana restaurants, and owns the Benihana trademarks, in most of the world. BOT and Mr. Aoki developed the Benihana trademarks, and it is only by the ARA that BI has the right to own and use the trademarks and operate Benihana restaurants in the Territory. BOT has every entitlement to state that its vision is to remain "the World's Leader" or "the Global Leader" in the teppanyaki dining experience. Its statement of remaining "the world's leader in family fun" or "the global leader in dining hospitality" has nothing to do with BI's ownership of trademarks in the limited Territory.

(d) Fourth, that BOT claims to be the "originator of the unique hibachi cooking style and 'eatertainment' created in the United States." But, that is not what the website says. It says, under the heading "Benihana Concept," that "Benihana Restaurant is the originator..." Further, it is undisputed that BOT, founded by Rocky Aoki, was the "originator" of this style in the United States. Defendants, certainly, are not the "originators" of this style in the United States. Defendants do not get to call themselves the "originators" of this style just because of the 1995 ARA. For defendants to call themselves the "originators" would be false and misleading.

18. The parties have differing beliefs as to BOT's rights to make the website statements complained of.

19. Defendants believe that BOT's website statements are false and misleading and violations of their rights under the Lanham Act.

20. BOT believes that the statements are truthful and not violations of defendants' rights under the Lanham Act.

WHEREFORE, plaintiff BOT respectfully requests that a declaratory judgment be entered declaring that BOT's website statements are not violations of defendants' rights under the Lanham Act, and awarding BOT its costs, expenses and attorneys' fees in this action.

Dated: January 10, 2014

ROSENBERG FELDMAN SMITH, LLP  
*Attorneys for Plaintiff*

By: /s/ Michael H. Smith  
Michael H. Smith (MHS 4835)  
Richard B. Feldman (RBF 7243)  
551 Fifth Avenue, 24th Floor  
New York, New York 10176  
Tel.: 212-682-3454  
Fax: 212-867-9045